OPINION
{¶ 1} Ricky Daniels appeals from his conviction of one count of possession of cocaine pursuant to his no contest plea. The facts underlying his conviction are as follows: *Page 2 
 {¶ 2} On March 15, 2006, Ohio State Trooper David Brown was on duty for the 8:00 p.m. to 4:00 a.m. shift with a field training officer, Trooper Brimah. (Tr. 6.) At approximately 2:41 a.m., Brown and Brimah observed a minivan make a right turn at a red traffic light without a turn signal. (Tr. 9.) Noting the traffic violation, Brown initiated a traffic stop of the minivan driven by Daniels. (Tr. 10.) Daniels stopped his vehicle on the ramp to Hwy. 75 and Brown approached the driver's side door. Id. Brown "immediately detected the odor of an alcoholic beverage" and noted that Daniels was the only individual in the vehicle. Brown also noticed that Daniels had "glassy eyes" and that his speech was "slightly slurred." Brown asked Daniels for identification. Id. Brown noted that Daniels was "slow and deliberate" in his movements within the vehicle while attempting to obtain his identifying information. Brown testified at the suppression hearing that such slow and deliberate movements are common among intoxicated drivers and serve as indicators that the operator is under the influence of alcohol. Id.
 {¶ 3} Brown asked Daniels to exit his vehicle and he observed Daniels drop his cell phone and he "had a labored way of walking." Id. Brown further noted that upon removing Daniels from the vehicle, the odor of alcohol did not diminish. Id.
 {¶ 4} Brown asked if he could pat Daniels down, and Daniels consented. Brown felt a hard object in Daniels' front pocket. Id. Brown proceeded to have Daniels perform field sobriety tests. (Tr. 14.) After performing three field sobriety tests (the HGN, the one-leg stand, and the walk-and-turn), Brown determined that Daniels was under the influence of alcohol. (Tr. 14-22.) He placed him under arrest, while Brimah performed a search incident to the arrest. (Tr. 23.) During this incident search, Brimah felt and removed the hard object earlier detected by Brown. The object turned out to be four *Page 3 
small baggies of cocaine and one small baggie of marijuana. Id.
 {¶ 5} In his suppression motion, Daniels sought to exclude the drugs recovered during the incident search. He argued, among other things, that Brown did not have sufficient cause to detain him and that the drugs discovered during that unlawful detention and subsequent arrest were subject to suppression.
 {¶ 6} The trial court found that Trooper Brown had probable cause to arrest Daniels and search him incident to that arrest based upon Daniels' glassy eyes, slurred speech, odor of alcohol and his performance on the field sobriety tests.
 {¶ 7} Daniels argues in his sole assignment of error that the trial court erred in finding that Trooper Brown had an articulable suspicion that he was intoxicated so that he could require him to perform field sobriety tests. Daniels notes that Brown did not observe him drive erratically and his right turn violation was "de minimus." He also notes that glassy eyes can be explained by the lateness of the hour. He also notes that we have held that a slight odor of alcohol is not significant since it is not illegal to drink and then operate a motor vehicle.
 {¶ 8} The State, for its part, argues that Daniels mischaracterized Trooper Brown's testimony. The State notes that Trooper Brown testified that he immediately detected the odor of alcohol coming from the passenger compartment of Daniels' car as he approached it. (Tr. 11.) Also, Daniels was alone in the vehicle when stopped. The State notes that Brown also observed that Daniels' speech was slightly slurred and his slow and deliberate movement to produce his license and registration are typical of impaired drivers. The State notes that Daniels dropped his cell phone as he exited his vehicle, had a labored way of walking, and the smell of alcohol did not dissipate as *Page 4 
Daniels moved away from his vehicle. (Tr. 14.)
 {¶ 9} We agree with the Appellant that this Court has found in previous opinions that police do not have articulable suspicion to require a driver to perform field sobriety tests if the only evidence the officer possesses is that the driver was stopped in the early morning hours, has bloodshot eyes and smells of alcohol. It is not illegal to drink and drive, and it is not unusual to have bloodshot eyes in the early morning hours. It is also relevant that an officer has not observed erratic driving before stopping the suspect.
 {¶ 10} In this case, however, the officer described conduct which provided reasonable grounds for suspicion that Daniels was driving his car in an impaired condition. The hour was late, Daniels smelled of alcohol, slurred his speech, was slow to retrieve his registration and license, labored in his walking, and dropped his cell phone before Brown asked him to perform the sobriety tests.
 {¶ 11} It is noteworthy that Daniels' motion in the trial court did not challenge Brown's authority to require him to perform the field sobriety tests because Brown lacked "articulable suspicion" to believe he was intoxicated. At the hearing itself, Daniels' counsel objected to Brown's testimony concerning the sobriety tests because he was not informed he could refuse to perform them.
 {¶ 12} Although we could consider the "articulable suspicion" issue waived for purposes of this appeal, we will consider it nonetheless. The court of appeals must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. State v.Rutherford (1994), 93 Ohio App.3d 586. The trial court must then determine independently "de novo" whether the applicable legal standard is satisfied. There is competent, credible evidence to support the trial court's conclusion *Page 5 
that Brown had articulable suspicion to believe Daniels was impaired as justification for requiring him to perform the field sobriety tests. The Appellant's assignment of error is Overruled.
 {¶ 13} Judgment of the trial court is Affirmed.
FAIN and GRADY, JJ., concur. *Page 1